UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| AMY KERNAGHAN, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>}<br>Plaintiff, }<br>v }<br>}<br>FORSTER & GARBUS, LLP, MIDLAND FUNDING LLC, }<br>MARK A. GARBUS, AND RONALD FORSTER, }<br>}<br>Defendants. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Amy Kernaghan [hereinafter "Kernaghan"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], Midland Funding LLC [hereinafter "Midland"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside

in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Kernaghan is a natural person who resides at 19 Lapeer Street, Deer Park, NY 11729.

6. Kernaghan is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 11, 2017, F&G, on behalf of Midland, sent Kernaghan the letter annexed as Exhibit A. Kernaghan received and read Exhibit A. For the reasons set forth below, Kernaghan's receipt and reading of Exhibit A deprived Kernaghan of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G sent Exhibit A to Kernaghan in an attempt to collect the amount due on a Judgment against Kernaghan obtained by F&G on behalf of Midland.

9. The Judgment referred to in Exhibit A was obtained based on Plaintiff, as an individual, being issued a credit card account by Synchrony Bank for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, on behalf of Midland, attempted collect the amount due on the Judgment from Kernaghan in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect an debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

17. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

19. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G,

and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

20. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

21. Midland is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

22. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

23. The principal purpose of Midland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

24. Based upon the allegations in the above two paragraphs, Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

26. Exhibit A set forth a "Balance Due as of January 11, 2017" of $2,994.38.

27. Per Exhibit A, the "Balance Due as of January 11, 2017" of $2,994.38 was based on a Judgment against Kernaghan obtained by F&G on behalf of Midland.

28. Since the "Balance Due as of January 11, 2017" of $2,994.38 set forth in Exhibit A was based on a Judgment against Kernaghan, post-judgment interest per NY CPLR automatically was accruing on the date of Exhibit A.  Therefore, on the date of Exhibit A and each day thereafter, the "Balance Due" to Midland automatically increased above the aforementioned "Balance Due as of January 11, 2017" of $2,994.38.

29. The aforementioned right to collect from Kernaghan the aforementioned accruing post-judgment interest is not waived by Midland or any assignee or successor-in-interest as a result of a failure by either Midland or any assignee or successor-in-interest at any point in time to attempt to collect from Kernaghan the aforementioned accruing post-judgment interest in addition to any "Balance Due".

30. Neither F&G nor Midland ever sent Kernaghan a written communication that they waived the aforementioned right to collect from Kernaghan the aforementioned accruing post-judgment interest.

31. On and after the date of Exhibit A, Midland or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the Judgment/debt identified in Exhibit A.

32. The entity to which the Judgment/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accruing post-judgment interest in addition to any "Balance Due".

33. On and after the date of Exhibit A, Midland possessed the legal right to terminate F&G as its debt collector.

34. Upon such termination, Midland, through its own efforts or the efforts of a different debt collector, had the right collect from Kernaghan the aforementioned accruing post-judgment interest in addition to any "Balance Due".

35. On and after the date of Exhibit A, Midland had the right to instruct F&G to seek from Kernaghan the aforementioned accruing post-judgment interest in addition to any "Balance Due".

36. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from Kernaghan and/or the "Balance Due" sought from Kernaghan may have increased due to the aforementioned accruing post-judgment interest.  However, Exhibit A failed to notify Kernaghan that her "Balance Due" may increase due to the aforementioned accruing post-judgment interest.

37. Upon information and belief, Midland and/or an entity on its behalf issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

38. All the actions alleged in this Complaint taken by F&G were taken by F&G as the "debt collector" for the "debt collector" Midland.

39. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of F&G.

40. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e by F&G sending Exhibit A to Kernaghan.

## SECOND CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 and 37-39 of this Complaint.

42. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 and 37-39 of this Complaint.

44. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

45. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

46. The class consist of (a) all natural persons (b) who received a letter from F&G dated between January 11, 2017 and the present to collect on a Judgment, (c) in a form materially identical or substantially similar to Exhibit A

47. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

48. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

49. The predominant common question is whether Defendant's letters violate the FDCPA.

50. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

51. A class action is the superior means of adjudicating this dispute.

52. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       January 11, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709